UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN PITTMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:15-cv-0819 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.[1]

BACKGROUND

Plaintiff, born February 24, 1960, applied on February 1, 2012 for DIB and SSI, alleging disability beginning November 12, 2008. Administrative Transcript ("AT") 133-141. Plaintiff alleged he was unable to work due to problems with his back and left knee. AT 154. In a

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge in accordance with the provisions of Title 28, U.S.C. Sec. 636(c)(1). ECF Nos. 7 and 9.

1

decision dated September 20, 2013, the ALJ determined that plaintiff was not disabled.[2] AT 12-22. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since November 12, 2008, the alleged onset date.
>
> 3. The claimant has the following severe impairments: a cortical defect of the left knee, degenerative disc disease of the lumbar spine with minimal scoliosis, and a dysthymic disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[2]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

    5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in [the regulations], except the claimant can lift and/or carry 20 pounds occasionally, 10 pounds frequently and sit, stand or walk for 6 hours in an 8-hour workday. The claimant is able to climb, balance, stoop, kneel, crouch and crawl occasionally. In addition, he is able to perform simple one to two step tasks.

    6. The claimant is unable to perform any past relevant work.

    7. The claimant was born on February 24, 1960 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

    8. The claimant has a limited education and is able to communicate in English.

    9. Transferability of job skills is not material to the determination of disability using the Medical Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable jobs skills.

    9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    10. The claimant has not been under a disability, as defined in the Social Security Act, from November 12, 2008, through the date of this decision.

AT 14-21.

ISSUES PRESENTED

    Plaintiff's sole argument is that the ALJ committed prejudicial error in finding plaintiff not disabled at step five based on the vocational expert's ("VE") testimony that plaintiff could perform the representative occupations of mail clerk, ticket taker, and cleaner/housekeeper because the hypotheticals the ALJ posed to the VE did not contain all of the functional limitations contained in the ALJ's residual functional capacity ("RFC") determination.

LEGAL STANDARDS

    The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A. *The ALJ did not Commit a Prejudicial Error in Finding Plaintiff not Disabled at Step Five*

Plaintiff asserts that the ALJ committed prejudicial error by failing to pose hypotheticals to the VE that contained all of the functional limitations the ALJ assigned to plaintiff in his RFC determination and subsequently relying on the VE's testimony in response to those materially incomplete hypotheticals to determine that plaintiff's RFC permitted him to perform the representative occupations of mail clerk, ticket taker, and cleaner/housekeeper.  More specifically, plaintiff contends that the ALJ's omission of the limitation to "simple one to two step tasks" contained in the ALJ's RFC determination from the hypotheticals the ALJ posed to the VE was prejudicial error because such a limitation would have precluded plaintiff from working as a mail clerk or ticket taker as those occupations are defined in the Dictionary of

4

Occupational Titles ("DOT").[3]  Plaintiff argues further that the ALJ also improperly failed to reconcile the apparent conflict between the VE's testimony that plaintiff could perform work as a cleaner/housekeeper and the DOT's functional definition of that occupation, which facially requires a less restrictive standing and walking limitation than that included in the ALJ's RFC determination.

An ALJ may pose a range of hypothetical questions to a vocational expert, based on alternate interpretations of the evidence.  However, the hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC determination, must account for all of the limitations and restrictions of the particular claimant that are supported by substantial evidence in the record as a whole.  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."  Id. (citation and quotation marks omitted).  However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence."  Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006).  Furthermore, as the Ninth Circuit Court of Appeals has observed, an ALJ may synthesize and translate assessed limitations into an RFC assessment (and subsequently into a hypothetical to the vocational expert) without repeating each functional limitation verbatim in the RFC assessment or hypothetical.  Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (holding that an ALJ's RFC assessment that a claimant could perform simple tasks adequately captured restrictions related to concentration, persistence, or pace, because the assessment was consistent with the medical evidence).

/////

---

[3] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991), ("DOT") is routinely relied on by the Social Security Administration "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements.   The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).

With regard to the ALJ's determination that plaintiff could perform work as a mail clerk or ticket taker based on the VE's testimony, plaintiff argues that the ALJ's failure to include the RFC limitation that plaintiff could perform only "simple one to two step tasks" in the hypotheticals he posed to the VE rendered that determination erroneous because the inclusion of such a limitation would have precluded plaintiff from performing those occupations as they are defined in the DOT. Plaintiff contends that under the DOT definitions for mail clerk and ticket taker, plaintiff must be able to perform tasks involving Level 3 reasoning and that a restriction to "simple one to two step tasks" would create an apparent conflict between plaintiff's RFC and the DOT's description of any jobs requiring Level 3 reasoning.[4] In support of this argument, plaintiff cites to the Ninth Circuit Court of Appeals' recent ruling in Rounds v. Comm'r Soc. Sec. Admin., which held that a restriction to one- or two-step tasks creates an apparent conflict between a claimant's RFC and the ability to perform a job defined in the DOT as requiring Level 2 reasoning or higher. 807 F.3d 996, 1102-04 (9th Cir. 2015). In Rounds, the Ninth Circuit found that an ALJ committed prejudicial error based on his failure to resolve the conflict between his RFC finding that the claimant could perform only one- or two-step tasks with the VE's testimony that the claimant could perform work that the DOT defined as requiring Level 2 reasoning. Id. Accordingly, plaintiff argues, the ALJ here committed prejudicial error under the Ninth Circuit's holding in Rounds by not including plaintiff's "simple one to two step tasks" limitation in his hypotheticals to the VE because had the ALJ included this limitation, either the VE would not have testified that plaintiff could perform the two jobs, or, if the VE did testify that plaintiff could have performed such work, the ALJ would have been required to reconcile the apparent conflict between the VE's testimony and the DOT.

The court agrees with plaintiff's argument that the ALJ erred by not including plaintiff's RFC limitation to "simple one to two step tasks" in the hypotheticals he posed to the VE. The

---

[4] The DOT breaks jobs into six GED Reasoning Levels that range from Level 1 (simplest) to Level 6 (most complex). DOT (4th ed. 1991), App. C, § III, 1991 WL 688702. Level 3 reasoning requires a worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations."

ALJ was required to provide all of plaintiff's functional limitations in the hypothetical he posed to the VE before he could properly rely on the VE's response in support of his step five determination. Bray, 554 F.3d at 1228. The ALJ's omission of plaintiff's limitation to "simple one to two step tasks" from the first hypothetical he posed to the VE—the hypothetical that formed the basis of the ALJ's step five determination—meant that the VE's testimony in response was not substantial evidence to support his step five determination that plaintiff could perform work as a mail clerk or ticket taker. Accordingly, the ALJ's reliance on that testimony to support his step five determination was in error. Moreover, had the ALJ properly included the omitted limitation, he still would not have been able to properly find that plaintiff's RFC permitted him to perform work as a mail clerk or ticket taker without first adequately resolving the apparent conflict between plaintiff's limitation to simple one- or two-step tasks and the DOT's Level 3 reasoning requirement for those jobs. See Rounds, 807 F.3d at 1102-04 ("Because the ALJ did not recognize the apparent conflict between [plaintiff's] RFC and the demands of Level Two reasoning, the VE did not address whether the conflict could be resolved. As a result, we cannot determine whether substantial evidence supports the ALJ's step-five finding." (internal quotations omitted)).

The Commissioner appears to concede the fact that plaintiff's RFC limitation to work involving "simple one to two step tasks" presumptively precluded him from working in occupations requiring an ability to engage in Level 3 reasoning, including work as a mail clerk or ticket taker, under the Ninth Circuit's holding in Rounds. Nevertheless, the Commissioner argues that the ALJ's error was harmless because he also correctly determined that plaintiff could perform work as a cleaner/housekeeper, an occupation not precluded by plaintiff's limitation to one- to two-step tasks, based on the VE's testimony.

Plaintiff contends that the ALJ's reliance on the VE's testimony that plaintiff could perform work as a cleaner/housekeeper was also in error because plaintiff's RFC limited him to "sit[ting], stand[ing], or walk[ing] for 6 hours in an 8-hour workday," AT 17, which conflicted with the DOT's description for that job, therefore requiring the ALJ to resolve that conflict, which the ALJ did not do. More specifically, plaintiff asserts that the DOT description for

1     cleaner/housekeeper is comprised of actions that appear on their face to require more than 6 hours
2     total of walking and/or standing in an 8-hour workday, therefore presumptively precluding
3     plaintiff from performing such a job given his RFC limitations.  This argument is without merit.
4             Here, the VE testified that the job of cleaner/housekeeper was considered light work as
5     described in the DOT.  AT 43.  The DOT description for that occupation also clearly defines the
6     required strength level as "light work," which it defines in the same way as the regulations.  DOT
7     323.687-014.  The regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10 pounds.
> Even though the weight lifted may be very little, a job is in this
> category when it requires *a good deal of walking or standing*, or
> when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls. To be considered capable of
> performing a full or wide range of light work, you must have the
> ability to do substantially all of these activities.

14    20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis added).  Social Security Ruling ("SSR") 83-10
15    further elaborates that "the full range of light work requires standing or walking, off and on, for a
16    total of approximately 6 hours of an 8-hour workday."  Here, the ALJ determined that plaintiff
17    was capable of standing or walking for up to 6 hours in an 8-hour workday—a determination
18    plaintiff does not challenge—which matched the standing/walking capacity the Commissioner
19    has determined is required to engage in the full range of light work.  See 20 C.F.R. § 416.967;
20    SSR 83-10.  Accordingly, there was no apparent conflict between the VE's testimony that
21    plaintiff could perform work as a cleaner/housekeeper and the standing/walking requirements of
22    that job.
23            Plaintiff appears to argue that the tasks listed in the DOT that comprise the occupation of
24    cleaner/housekeeper indicate that the job require a standing/walking capacity greater than 6 hours
25    total in an 8-hour workday because the majority of those tasks could not realistically be
26    performed while sitting.  However, this argument is based merely on plaintiff's own speculation
27    that these tasks could theoretically require greater standing/walking capabilities than what the VE
28

1 testified was required for that occupation. The VE, an expert regarding whether a claimant's work skills can be used in other work and the specific occupations in which they can be used, see 20 C.F.R. §§ 404.1566, 416.966, testified at the administrative hearing that a person with plaintiff's functional limitations, including his standing/walking restriction of 6 hours total, could perform work as a cleaner/housekeeper. AT 43. At the end of the administrative hearing the ALJ asked the VE whether there existed a conflict between her testimony and information in the DOT, to which the VE replied, "[n]o, Your Honor." AT 44. Plaintiff's attorney did not identify any inconsistencies between the VE's testimony and the DOT, and, in fact, did not question the VE regarding potential inconsistencies at all, despite being provided an opportunity to do so by the ALJ. Id. Accordingly, it was reasonable for the ALJ to rely on the VE's unrebutted testimony that plaintiff could perform work as a cleaner/housekeeper given his standing/walking limitation.

In addition, the fact that the ALJ erred by not including plaintiff's limitation to "simple one to two step tasks" in the hypothetical did not preclude the ALJ from determining that plaintiff could perform work as a cleaner/housekeeper. The DOT lists the job of cleaner/housekeeper as requiring Level 1 reasoning, which necessitates a worker to "[a]pply commonsense understanding to carry out *simple one- or two-step instructions*." DOT (4th ed. 1991), App. C, § III, 1991 WL 688702 (emphasis added). That definition contains within it the very limitation that the ALJ accorded to plaintiff, therefore demonstrating a lack of conflict between the plaintiff's RFC and the DOT. Accordingly, the ALJ's error in not including plaintiff's limitation to "simple one to two step tasks" in the hypothetical he posed the VE was harmless insofar as it pertained to the ALJ's step five determination that plaintiff could perform work as a cleaner/housekeeper based on the VE's testimony.

Given the lack of an apparent conflict between plaintiff's RFC, the VE's testimony, and the DOT description for cleaner/housekeeper, and the VE's unrebutted statement that her testimony did not conflict with the DOT, the ALJ's reliance on the VE's testimony in support of his step five determination that plaintiff could perform other work was reasonably justified. Furthermore, the VE testified that there existed 865,000 cleaner/housekeeper jobs nationally, with 29,000 such jobs in California alone, AT 43, therefore showing that that occupation alone

provided a significant number of jobs that plaintiff was able to perform given his RFC. See Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986) (upholding ALJ's finding that 3,750 to 4,250 jobs were a significant number). In short, the ALJ properly relied on the VE's testimony that plaintiff could perform work as a cleaner/housekeeper as substantial evidence in support of his step five determination that plaintiff was able to perform other work that existed in significant numbers. Because the ALJ appropriately based his ultimate decision that plaintiff was not disabled within the meaning of the Act on a proper determination that plaintiff could perform work as a cleaner/housekeeper, which by itself constituted a significant number of jobs, his erroneous determination that plaintiff could also perform work as a mail clerk or a ticket taker was harmless.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is granted; and

3. Judgment is entered for the Commissioner.

Dated: April 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 pittman0819.ss